IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR214-3 |
| v. | : | |
| JOSE MANUEL BAHENA | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, JOSE MANUEL BAHENA, in his own person and through his attorney, Michael E. Archenbronn, and state as follows:

1. The defendant, JOSE MANUEL BAHENA, is presently under Indictment in case number 1:12CR214-3, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), conspiracy to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana; which in Count Two charges him with a violation of Title 21, United States Code, Section 856(a)(1) and (b), maintaining drug-involved premises; and which in Count Three charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), possession with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana.

2. The defendant, JOSE MANUEL BAHENA, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which

must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, JOSE MANUEL BAHENA understands that, as to Count One of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than five years and not more than 40 years, and a fine not to exceed $5,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least four years in addition to such term of imprisonment.

    b. The defendant, JOSE MANUEL BAHENA, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

c. The defendant, JOSE MANUEL BAHENA, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JOSE MANUEL BAHENA, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, JOSE MANUEL BAHENA, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JOSE MANUEL BAHENA, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, JOSE MANUEL BAHENA, to Count One of the Indictment herein, and at the conclusion of the sentencing

3

hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, JOSE MANUEL BAHENA. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. The defendant, JOSE MANUEL BAHENA, agrees that the substance involved in the offense alleged in Count One of the Indictment herein for which he is accountable is at least 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana.

    c. It is further understood that if the Court determines at the time of sentencing that the defendant, JOSE MANUEL BAHENA, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, JOSE MANUEL BAHENA, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, JOSE MANUEL BAHENA, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

entered into unless executed in writing and signed by all the parties.

This the 7th day of August, 2012.

_____  
RIPLEY RAND  
United States Attorney

_____  
TERRY M. MEINECKE  
NCSB #27586  
Assistant United States Attorney

    P. O. Box 1858  
    Greensboro, NC 27402

    336/333-5351

_____  

_____  
MICHAEL E. ARCHENBRONN  
Attorney for Defendant

X Bahena Jose  
_____  
JOSE MANUEL BAHENA  
Defendant